FEIBER *v.* LEONARD, RALPH & JONES.

WORKMEN'S COMPENSATION—ACCIDENT—ARISING "OUT OF AND IN COURSE OF" EMPLOYMENT.

> Dependent widow of employee who drove employer's pickup truck to another town for supplies, while returning overtook a fellow employee on his way home with his car stalled in the snow and while voluntarily helping to get the car out made such exertion as to cause dilatation of his heart and death next morning *held,* not entitled to compensation since the injury did not arise out of or in the course of employment.

Appeal from Department of Labor and Industry. Submitted April 20, 1938. (Docket No. 139, Calendar No. 39,795.) Decided June 6, 1938. Rehearing denied June 30, 1938.

Marie Feiber, widow, presented her claim against Leonard, Ralph & Jones, employer, and State Accident Fund, insurer, for compensation for death of employee Charles Feiber. Award to plaintiff. Defendants appeal. Award vacated.

*Eldred & Gemuend,* for plaintiff.

*Harry F. Briggs* (*Roy Andrus* and *Stanley F. Dodge,* of counsel), for defendants.

WIEST, C. J.   January 18, 1936, Charles Feiber, an employee of defendant Leonard, Ralph & Jones, was on his way to the town of Crystal, in the line of his employment, driving a pickup truck to obtain

supplies, and overtook an automobile of a fellow employee who had finished work for that day and was on his way home with his car stalled in the snow. Mr. Feiber, voluntarily helping in an endeavor to get the stalled car out, made such exertion as to cause dilatation of his heart and death the next morning.

Plaintiff, his widow and sole dependent, applied for and was granted compensation upon a finding that Mr. Feiber's death was occasioned by an accidental injury arising out of and in the course of his employment.

There was no emergency requiring a speedy trip to town; nor was the owner of the stalled car in any danger and, in fact, after efforts to remove the car proved unavailing, Mr. Feiber passed it and went on to town.

In point of law the injury did not arise out of or in the course of Mr. Feiber's employment.

The governing principle is stated in *Sichterman* v. *Kent Storage Co.*, 217 Mich. 364 (20 A. L. R. 309).

The award is vacated, with costs to defendants.

BUTZEL, BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.